# Judge **Hellerstein**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

ALLA BERNSHTEIN,

                              Plaintiff,

                                        **08 CV 02906**

                                                      COMPLAINT

              -against-                            PLAINTIFF
                                                   DEMANDS
                                                   TRIAL BY JURY

THE CITY OF NEW YORK,
DETECTIVE RAYMOND BROCKMANN shield # 03108,
SECURITY OFFICER WILSON VEGA, HWA INC.,

                              Defendants.



RECEIVED

MAR 1 9 2008

U.S.D.C. S.D. N.Y.
CASHIERS

_____X

       PLAINTIFF ALLA BERNSHTEIN by her attorney DAVID A. ZELMAN, Esq.,

for her COMPLAINT, alleges upon information and belief, as follows:

## I. **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which PLAINTIFF ALLA BERNSHTEIN

       (hereinafter "BERNSHTEIN") seeks damages to redress the deprivation, under

       color of state law, of rights secured to her under the Fourth, Fifth, Sixth and

       Fourteenth Amendments of the United States Constitution. On or about June 16th,

       2006, at approximately 10:20 AM, BERNSHTEIN was falsely arrested by officers

       employed by the New York City Police Department (hereinafter "NYPD"). It is

       alleged that the defendants falsely arrested BERNSHTEIN in violation of her

       constitutional rights, and as a result BERNSHTEIN was detained without

       probable cause. All charges against BERNSHTEIN were dismissed on August 29,

1

2006. As a result of the incident, BERNSHTEIN suffered physical injury to her wrist, psychological injury related to stress, loss of enjoyment of life, mental anguish, economic damages, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3.     Plaintiff BERNSHTEIN resides at 22-16 Stratford Apartments, Old Bridge, NJ 08857.

4.     Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), and as such is the public employer of the Defendants herein.

5.     Defendant DETECTIVE RAYMOND BROCKMANN shield # 03108 (hereinafter "BROCKMANN"), was an NYPD police officers, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of his employment. At all relevant times hereto, BROCKMANN was acting under the color of state and local law. Defendant BROCKMANN is being sued in his individual and official capacity.

2

6.      Defendant SECURITY OFFICER WILSON VEGA (hereinafter, "VEGA") was
an HWA INC. security officer, and at all relevant times hereto, acted in that
capacity as an agent, servant, and/or employee of Defendant HWA INC. and
within the scope of his employment.  At all relevant times hereto, VEGA was
acting under the color of state and local law. Defendant VEGA is being sued in
his individual and official capacity.

7.      Defendant HWA INC. (hereinafter, "HWA") is located at 250 West 50th Street,
#31B, New York, NY 10019. HWA is a privately held corporation, incorporated
pursuant to the laws of the State of Washington and is the official employer of
VEGA.

## IV. FACTS

8.      On or about June 16th, 2006, at approximately 10:20 AM, BERNSHTEIN and her
mother Bella Bernshtein, were lawfully inside 26 Federal Plaza, New York, NY
10278.

9.      Bella Bernshtein was scheduled to appear for an appointment at the office of
Immigration and Naturalization Service located inside the building.

10.     Upon entering the building and successfully passing through the metal detectors,
BERNSHTEIN's bag was searched.

11.     BERNSHTEIN was questioned by defendant VEGA about a badge which was
found in her bag. The badge was inside a leather case which also contained all
pertinent identification and information relating to BERNSHTEIN's New York
State  license to work as an Emergency Medical Technician.

12.     BERNSHTEIN complied with all questioning and was told by an officer that she

3

would likely be detained for a long time, so her mother proceeded to her appointment alone.

13.     BERNSHTEIN waited in an office where she met a man and a woman who were also detained for the same reason. BERNSHTEIN was called into a back room in the office and was informed that she would be placed under arrest for impersonating a police officer and carrying a false badge.

14.     BERNSHTEIN reiterated that she was a licensed Emergency Medical Technician. The officers laughed at BERNSHTEIN and one officer told her that if she complained, they would place her in federal custody which would be much worse.

15.     Throughout this entire period, BERNSHTEIN had on her person identification that stated her status as a licensed Emergency Medical Technician.

16.     BERNSHTEIN was than escorted to a holding room to wait for New York Police Department escort along with the two other detained individuals she had previously met.

17.     Two New York Police Department officers arrived at approximately 12:00 pm and brought BERNSHTEIN and the two others with her to the 5th Precinct, where she was fingerprinted and photographed. At approximately 3:00 pm on June 16, 2006, BERNSHTEIN and the two others arrested with her were transferred to central booking.

18.     BERNSHTEIN asked a female correctional officer that was present when she would be called. The correctional officer responded by asking BERNSHTEIN many detailed questions as to the details of her case. BERNSHTEIN was embarrassed to discuss this publicly and asked the officer not to speak publicly

4

about it.  The officer reviewed BERNSHTEIN's case on her own and began to discuss her opinions about BERNSHTEIN's guilt loudly with a medical professional that was present.

19.     The female corrections officer then told BERNSHTEIN that she would personally make sure that BERNSHTEIN stayed in holding as long as possible.  The officer called someone downstairs in central booking and told them not to call BERNSHTEIN until the last minute.

20.     BERNSHTEIN's mother arrived at central booking to find out about BERNSHTEIN's case and received assistance from an NYPD officer.  After looking into the case, the officer told BERNSHTEIN's mother that "something unusual was going on with BERNSHTEIN's file," explaining that "it should have been called already."

21.     BERNSHTEIN began to menstruate, and asked the female corrections officer to provide her with some feminine care products.  The officer responded that she did not believe her, and refused to get her anything.  BERNSHTEIN was forced to remain in the holding cell with soiled clothing for another twenty four hours until she was finally called before a judge at approximately 12:58 AM on June 18, 2006.

22.     Upon handcuffing BERNSHTEIN to transfer her to the court, the female correctional officer said accusingly "you do the crime, you do the time."  While being escorted downstairs to the court, numerous corrections officers who seemed to know about BERNSHTEIN's case began apologizing to her for the arrest and then began clapping and chanting "EMT, EMT..."

5

23.     BERNSHTEIN was embarrassed to stand before the judge because her white pants were soiled from her menstruation.  BERNSHTEIN was released at approximately 1:30 AM on June 18, 2006 after approximately thirty nine hours in custody, and ordered to return to court on August 29, 2006.

24.     BERNSHTEIN returned to court on the August 29, 2006 at which point all charges were dismissed.  BERNSHTEIN suffered physical injury as a result of the stress of this incident, as well as significant mental anguish, economic losses, loss of reputation, shame and humiliation.

25.     BERNSHTEIN suffered economic losses in the form of attorney's fees, transportation and parking costs, and the cost of her clothing.  BERNSHTEIN believes that she was unable to obtain work as an EMT due to the arrest. BERNSHTEIN also dropped out of a Medical College Admissions Test review course that she was taking when the above incident occurred.  While BERNSHTEIN did eventually complete the course, she never applied to any medical schools.  She attributes this fact to the stress and depression that resulted from the above incident.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

26.     Paragraphs 1 through 25 of this complaint are hereby realleged and incorporated by reference herein.

27.     That Defendants had neither valid evidence for the arrest of BERNSHTEIN nor legal cause or excuse to seize and detain her.

28.     That in detaining BERNSHTEIN, and without a fair and reliable determination of

6

probable cause, Defendant CITY abused its power and authority as a policymaker

of the New York City Police Department under the color of State and/or local law.

29.     Upon information and belief, it was the policy and/or custom of Defendant CITY

to inadequately supervise and train its officers, staff, agents and employees,

thereby failing to adequately discourage further constitutional violations on the

part of their officers, staff, agents and employees.

30.     As a result of the above described  policies and customs, the officers, staff, agents

and employees of Defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

31.     The above described policies and customs demonstrated a deliberate indifference

on the part of the policymakers of the CITY to the constitutional rights of

arrestees and were the cause of the violations of BERNSHTEIN's rights alleged

herein.

32.     By reason of Defendants acts and omissions, Defendant CITY, acting under color

of state law and within the scope of its authority, in gross and wanton disregard of

BERNSHTEIN's rights, subjected BERNSHTEIN to an unlawful detention, in

violation of the Fourth and Fourteenth Amendments of the United States

Constitution and the laws of the State of New York.

33.     By reason of the foregoing, BERNSHTEIN suffered mental injuries, deprivation

of liberty and privacy, terror, humiliation, damage to reputation and other

psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

34.  Paragraphs 1 through 33 are hereby realleged and incorporated by reference
herein.

35.  That Defendants with malicious intent, arrested BERNSHTEIN and initiated a
criminal proceeding despite the knowledge that BERNSHTEIN had committed no
crime.

36.  That the criminal matter against BERNSHTEIN was terminated in her favor and
the court dismissed all charges against her.

37.  That there was no probable cause for the arrest and criminal proceeding.

38.  That by reason of Defendants' acts and omissions, Defendants, acting under the
color of state law and within the scope of their authority, in gross and wanton
disregard of BERNSHTEIN's rights, deprived BERNSHTEIN of her liberty when
they maliciously prosecuted her and subjected her to an unlawful, illegal and
excessive detention, in violation of her rights  pursuant to the Fourth and
Fourteenth Amendments of the United States Constitution.

39.  That upon information and belief, Defendants had a policy and /or custom of
maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a
result of the above described policies and customs, BERNSHTEIN was
maliciously prosecuted despite the fact that he had committed no violation of the
law.

40.  That upon information and belief it was the policy and /or custom of defendant
CITY to inadequately hire, train, supervise, discipline and /or terminate their

8

officers, staff, agents and employees, thereby failing to adequately discourage
further constitutional violations on the part of their officers, staff, agents, and
employees.

41.  That as a result of the above described policies and customs, defendant
CITY, its staff, agents and employees of defendant CITY believed that their
actions would not be properly monitored by supervisory officers and that
misconduct would not be investigated or sanctioned, but would be tolerated.

42.  That the above described policies and customs demonstrate a deliberate
indifference on the part of the policymakers of defendant CITY to the
constitutional rights of arrestees and were the cause of the violations of
BERNSHTEIN's rights alleged herein.

43.  That in so acting, defendant CITY abused its power and authority as policymaker
of the NYPD under the color of State and/or local law.

44.  That upon information and belief, in 2006, defendant CITY had a policy or
routine practice of detaining and imprisoning individuals for excessive periods.

45.  That by reason of the foregoing, BERNSHTEIN suffered psychological injuries,
traumatic stress, post traumatic stress disorder, mental anguish, economic
damages including attorneys fees, damage to reputation, shame, humiliation, and
indignity.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, BERNSHTEIN has
suffered and will continue to suffer, physical manifestations of stress, emotional
pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life,

9

loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

WHEREFORE, BERNSHTEIN respectfully requests that judgment be entered:

1.      Awarding BERNSHTEIN compensatory damages in a full and fair sum to be determined by a jury;

2.      Awarding BERNSHTEIN punitive damages in an amount to be determined by a jury;

3.      Awarding BERNSHTEIN interest from June 16th, 2006; and

4.      Awarding BERNSHTEIN reasonable attorney's fees pursuant to 42 USC §1988; and

5.       Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
          March 19, 2008

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

ALLA BERNSHTEIN,

                         Plaintiff,


            -against-

THE CITY OF NEW YORK,
DETECTIVE RAYMOND BROCKMANN shield # 03108,
SECURITY OFFICER WILSON VEGA, HWA INC.,

                         Defendants.
_____X



_____

**COMPLAINT**

_____




DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072