USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/09

**LAW OFFICE OF DAVID A. ZELMAN**
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072

Via Fax: 212 805-7942
Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten note: The issue may be revised at the final conf. Until conf. at the present time, net worth discovery is denied. 2-25-09 AKH]*

February 24, 2009

Re: Ala Bernshtein v. The City of New York, et al.
08CV02906

Honorable Alvin K. Hellerstein:

I am the attorney for the within plaintiff. I write to your Honor regarding a discovery dispute which has arisen in this litigation and pursuant to this Court's Rule 2E. Counsel for defendants, Security Officer Wilson Vega and HWA, Inc., has objected to discovery regarding defendants' net worth for the purposes of determining punitive damages The parties discussed this application and other issues via telephone on February 23, 2009 for approximately 15 minutes.

As your Honor may recall, this is a false arrest and malicious prosecution action stemming from an arrest at 26 Federal Plaza. At the time of the incident, it is undisputed that plaintiff was in possession of a badge indicating her status as an Emergency Medical Technician. Defendants arrested plaintiff and charged her with possession of a forged instrument. The criminal matter was dismissed. It is the plaintiff's position that the badge plaintiff possessed was not forged in any way and accurately reflected her status as an emergency medical technician. In this action, plaintiff alleges violations of her federal civil rights as well as physical and psychological injuries.

On or about December 21, 2008, defense counsel for Security Officer Wilson Vega and HWA, Inc was served with discovery demands. One item of discovery states: "Punitive Damages Discovery: Provide a general statement of the net worth of the defendants VEGA and HWA, INC." Defense counsel objected on the grounds that the request was "overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence [of] the liability and/or compensatory damages action in this matter."

There can be no question that a general statement of a defendant's net worth is relevant in

1

a matter alleging punitive damages and that this information should be available to the plaintiff prior to trial. See, Hazeldine v. Beverage Media, 1997 U.S. Dist. LEXIS 8971 (SDNY, 1997). Furthermore, failure to comply with pre-judgment discovery requests regarding a party's financial condition and relating to punitive damages can create a negative inference against that party and result in an enhanced damage award. Motorola Credit Corp. v. Uzan, 509 F.3d 74, 79-80 (2d Cir. 2007). Therefore, plaintiff is entitled to a general statement of net worth from both defendants.

I ask the Court to issue an order compelling all relevant and discoverable information demanded within the above demand.

Thank you for your consideration.

Defendant's Response (Robert Dunn)

I am the attorney for defendants HWA, Inc. And Wilson Vega in the above matter. This letter is forwarded in opposition to the request of plaintiff to compel certain discovery from my clients.

Plaintiff seeks information regarding the net worth of Mr. Vega and HWA, Inc. at this initial stage of the litigation and without any showing of the validity of a claim of damages in this matter. Defendants do not content that the net worth of the defendant is not relevant to a claim for punitive damages in such cases where the acts of defendants may rise to the level supporting an award of punitive damages. We are merely arguing that at this point in the litigation where depositions have not even been undertaken and there have been no showing by plaintiff that there is even a chance of a valid claim of punitive damages against HWA, Inc. and Wilson Vega. That it is premature to compel defendants to disclose their net worth. We contend that such information should be only required of defendants once factual discovery regarding the underlying claim has been undertaken and plaintiff can at least make a showing that a punitive damage claim is supported by the facts of the case.

Respectfully Submitted:

LAW OFFICE OF DAVID A. ZELMAN

David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

2

TO:    Via Fax: 212 267 5916
Robert N. Dunn Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271

Via Fax: 212 788 9776
Karl Ashanti, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York