UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
ALLA BERNSHTEIN,                                             :
                                                             :    **SUMMARY ORDER**
                                        Plaintiff,           :    **RESOLVING CROSS-**
                                                             :    **MOTIONS FOR SUMMARY**
        -against-                                            :    **JUDGMENT**
                                                             :
THE CITY OF NEW YORK,                                        :    08 Civ. 2906 (AKH)
DETECTIVE RAYMOND BROCKMANN                                  :
shield # 03108,                                              :
                                                             :
                                        Defendants.          :
                                                             :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       While attempting to enter a federal building, Plaintiff was found to be in possession of a badge that resembled a New York City patrolman's shield and was arrested for possession of a forged instrument. She was taken into custody by Detective Raymond Brockmann and spent between 35 and 39 hours in custody before being released. Plaintiff contends that during her detention, a female police officer stated that she would personally make sure Bernshtein was detained as long as possible. Bernshtein also alleges that, while in custody, she began menstruating and was denied feminine care products. All charges against her were eventually dropped. Plaintiff now brings this action for false arrest, malicious prosecution, and excessive detention.

       The parties cross-moved for summary judgment and appeared before me for oral argument. For the reasons stated on the record, Defendants' motion for summary judgment is granted with respect to Plaintiff's claims for false arrest, malicious prosecution, and Monell liability. Plaintiff's motion is denied to the same extent.

1

However, the question remains whether Plaintiff was subjected to an unreasonable pre-arraignment delay. Plaintiff raised this issue in the complaint but it was not argued in the moving papers. At oral argument, I asked the parties to brief the issue and now hold that this question presents an issue of fact that must be resolved at trial.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To guard against unreasonable seizures, following a warrantless arrest, the arrestee must be presented to a judicial officer for a prompt determination of probable cause. <u>Gerstein v. Pugh</u>, 420 U.S. 103, 125 (1975). In <u>County of Riverside v. McLaughlin</u>, the Supreme Court held that 48 hours was the presumptive outside limit for a delay in presentment. 500 U.S. 44, 56 (1991). A delay less than 48 hours can violate an arrestee's Fourth Amendment rights if presentment was "delayed unreasonably." <u>Id.</u> A delay is unreasonable if it is "motivated by ill will against the arrested individual, or [constitutes] delay for delay's sake." <u>Id.</u> The Supreme Court cautioned that, when reviewing claims of unreasonable detention, courts "must allow for a substantial degree of flexibility" and be mindful of "the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, . . . and other practical realities." <u>Id.</u> at 56-57.

It is undisputed that Plaintiff was detained for less than 48 hours, but that does not end this inquiry. The issue here is not the number of hours Plaintiff was detained, but whether her detention was "delayed unreasonably." <u>Id.</u> at 56. That issue necessarily involves a question of intent. Was the pre-arraignment delay "motivated by ill will" toward Plaintiff? Is malice established when a police officer states that Plaintiff

would be detained a long as possible, or when Plaintiff is denied necessary feminine care products? These are disputed issues of material fact that must be resolved by a jury, not by a judge on a motion for summary judgment.

The parties shall appear for a final pretrial conference on Friday, July 30, 2010 at 10:00 a.m. in Courtroom 14D. The parties should be prepared to begin the trial on Tuesday, August 10, 2010.

The Clerk shall mark the motions (Doc. Nos. 52, 56) terminated.

SO ORDERED.

Dated:   June 21, 2010
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge